[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on August 16, 1981 at Livingston Manor, New Jersey. The plaintiff has resided in Connecticut since September 1, 1990. There is one minor child issue of the marriage, Alexander Chingas born June 15, 1985.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in Sections 46b-81, 46b-82 46b-84 and 46b-56 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
This is a marriage of some 10 years, although the parties have been separated for approximately 2 years. The plaintiff is aged 41 and in good health. She has a fine educational background including a masters in International Affairs and a teaching certificate for the State of Connecticut. She presently teaches Spanish one hour per week, however this job will terminate in December 1991. The plaintiff has not been gainfully employed full time over any extended period of time during the course of the marriage but rather devoted herself to her duties as a homemaker, her husband's career, and the raising of their child who is now six years old. The court anticipates that the plaintiff will be gainfully employed on a full time basis within a reasonable period of time.
At the time of the marriage, the plaintiff resigned her job to move with her husband to Panama for three years. The defendant, also well educated, held a responsible position with CitiBank. From Panama, the parties moved to Canada where the minor child was born. The plaintiff had a three month post-partum depression after the birth of their child. After approximately three years in CT Page 10153 Canada, the parties relocated to Pennsylvania where the defendant continued as a Vice-President with the CitiBank Corp. The defendant is aged 42 and in good health. He is presently employed by the Mellon Bank in Pennsylvania earning approximately $95,000 per year.
The parties separated in Pennsylvania in November 1989. Marriage counseling was initiated but without success. The marital home in Pennsylvania was sold and the parties divided the net proceeds from the sale of their only marital home, with the plaintiff receiving approximately $35,000 and the defendant receiving approximately $40,000. In addition, the parties divided some of their savings accounts.
In August 1990, the plaintiff decided to move to Connecticut with the minor child, to be closer to members of her family who were now living in Connecticut. The defendant and his family helped the plaintiff move to Connecticut and thereafter, the plaintiff initiated the present action. The defendant remained in Pennsylvania and also instituted a dissolution matter in Pennsylvania which has since been withdrawn.
The plaintiff had no assets at the time of the marriage. The defendant had been employed with CitiBank since 1976 and although he testified at trial that he had approximately $20,000 at the time of the marriage, his disclosure response indicates his assets at the time of the marriage had a value unknown. At the time the plaintiff moved to Connecticut, she took with her the majority of the furniture and furnishings from the marital home.
In September 1990, while the parties were separated, the defendant took a position with the Mellon Bank and received a sign on bonus of $12,000. He also received a lump sum severance package from CitiBank in the amount of $43,000. His other assets included an IRA of approximately $6,000, a Retirement Savings Plan of Approximately $27,160, a 401K account of closer to approximately $8,400, and the balance left from the proceeds of the sale of the home. The defendant has liabilities, excluding attorney's fees, of approximately $10,358. The defendant claims he will not receive a bonus for 1991.
The plaintiff has assets of approximately $10,379.58 which includes $2,000 the plaintiff is holding for the benefit of the minor child. She has a checking account of $500 and a security deposit of $1,400 — in addition to the 1990 motor vehicle and the furniture. The plaintiff has liabilities, excluding attorney's fees, of approximately $12,000.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to attribute fault to CT Page 10154 either party, as both parties contributed to the breakdown of the marital relationship.
No useful purpose would be served by reviewing all of the evidence presented by the parties. There was sufficient evidence presented for the court to find that the marriage relationship had irretrievably broken down.
The court has reviewed and considered all the statutory criteria in entering the orders that follow.
A. Custody and Visitation
The parties placed on the record an agreement as to joint custody with physical custody to the plaintiff and a schedule of reasonable visitation for the defendant, which the court previously approved and entered as a final order in connection with this matter.
B. Alimony and Child Support
1. Both parties requested an unallocated order as to alimony and child support.
Commencing January 1, 1992 the defendant shall pay to the plaintiff as unallocated alimony and child support the sum of $3,500 per month for a period of 5 years or until the plaintiff shall sooner remarry, dies, or cohabits within the meaning of the statute at which time the child support shall be in the sum of $2,000 per month until the child attains the age of 18 years, dies or sooner becomes emancipated.
2. Said unallocated alimony and support payments shall be made on the 30th and the 15th of each month commencing December 30, 1991, as the defendant has 24 pay periods per year. The parties are free to work out any other arrangements as to payments, if they so agree.
3. The court finds that the plaintiff is well equipped to obtain meaningful, gainful, full or part time employment even in view of today's economic market. The court anticipates that the plaintiff will be gainfully employed within a reasonable period of time. The court wishes to encourage the plaintiff to obtain employment and thus orders that the defendant shall not move for a modification of the unallocated order of alimony and child support based on the plaintiff's income from earnings unless and until the plaintiff has a gross income from earnings in excess of $20,000 per year.
C. Medical Coverage CT Page 10155
The defendant shall provide and maintain medical and hospitalization insurance as is available at his place of employment for the benefit of the minor child. Any unreimbursed medical expenses shall be equally divided between the parties including any unreimbursed expenses for psychological counselling.
D. By Way of Property Settlement
1. The plaintiff shall return to the defendant his camera and items handmade by his mother.
2. The plaintiff shall be entitled to the remaining items in her possession.
3. The defendant shall pay to the plaintiff by way of lump sum property settlement the sum of $8,500 within 30 days of date.
E. Attorneys Fees
The defendant shall pay to the plaintiff by way of attorney's fees the sum of $5,000 within 60 days of date.
F. Life Insurance
The defendant shall provide and maintain life insurance in the amount of $250,000 for the benefit of the plaintiff and the minor child for so long as the defendant has obligations of alimony and/or child support. The plaintiff shall be the custodian for any benefits due the minor child. The provisions as to life insurance shall be modifiable.
G. Tax Returns
The defendant shall be solely responsible for the taxes due CitiBank (1987) and shall hold the plaintiff harmless therefrom. Further, the defendant shall hold the plaintiff harmless from any income tax liability, deficiency, interest, or penalties arising out of the joint returns as filed by the parties.
A contingent wage execution is ordered.
COPPETO, J.